```
         UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA

                    CHARLESTON
```

**KENNI RAYMON ALONZO,**

     **Petitioner,**

v.                                        Case No. 2:00-cr-00130-1
                                               Case No. 2:09-cv-00745

**UNITED STATES OF AMERICA,**

     **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Kenni Raymon Alonzo is serving a 324 month period of imprisonment, to be followed by a five year term of supervised release, upon his conviction by a jury of conspiracy to distribute more than fifty grams of cocaine base (Count One), distribution of cocaine base (Count Five), and using, carrying and possession of a firearm during and in relation to a drug trafficking crime (Count Six), in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 924(c).  The District Court also imposed a special assessment of $300.00.  United States v. Alonzo, No. 2:00-cr-00130-1 (Judgment in a Criminal Case, entered March 16, 2001, # 191.)

Defendant's direct appeal was unsuccessful.  United States v. Alonzo, No. 01-4227, 26 Fed. Appx. 159, 2001 WL 1602138 (4th Cir. Dec. 17, 2001).  The mandate was issued on January 8, 2002 (# 236).

Petitioner filed a motion under 28 U.S.C. § 2255 (# 238), which was denied by Memorandum Opinion and Order (# 252) and

Judgment Order (# 253) entered February 27, 2006.  The Fourth Circuit denied his application for a certificate of appealability and dismissed his appeal (# 290).  Rehearing was denied (# 298).

Petitioner filed a motion for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which was granted by Order entered May 21, 2009 (# 325).  His appeal was unsuccessful.  United States v. Walters, No. 06-6617 (4th Cir. Jan. 18, 2007).

Pending before the court is Petitioner's latest effort to attack his conviction and sentence, a petition for writ of *audita querela*, filed pursuant to 28 U.S.C. § 1651 (# 334).  The petition argues that the writ is available to him because he was sentenced as a career offender despite the failure of the government to file an information pursuant to 21 U.S.C. § 851, alleging prior drug convictions.  Id., at 4.  He relies on United States v. Beasley, 495 F.3d 142, 148 (4th Cir. 2007), which held that "the government's alleged failure to comply with the procedural requirements of § 851(a) renders erroneous a court's reliance on § 841(b)(1)(B) to enhance a sentence for repeat drug offenders, nothing more."  The undersigned notes that Petitioner was sentenced within the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(A), because the jury found that his offense involved more than fifty grams of cocaine base.

It is well-settled law that the writ of *audita querela* "does not provide a purely equitable basis of relief from an otherwise

valid criminal conviction." United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Other District Courts within the Fourth Circuit have addressed petitions similar to the one pending before this court. In Oriakhi v. United States, No. PJM-08-893, 2008 WL 1781017 *1 (D. Md. April 16, 2008), the court noted that *audita querela* "is not available to challenge a conviction or sentence where these contentions could have been raised pursuant to 28 U.S.C. § 2255," citing Carlisle v. United States, 517 U.S. 416 (1996).

> Where, as here, a petition clearly challenges the validity of a petitioner's underlying sentence, a § 2255 motion is the appropriate legal proceeding to request relief. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*). Resorting to the residual authority of the All Writs Act is unnecessary and improper. Regardless of the label used by Petitioner, the subject matter of the motion, and not the title he assigns, determines its status. {Citations omitted.] Because Oriakhi has submitted prior § 2255 motions, he must first obtain leave from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 petition. [Footnote omitted.]
>
> The writ cannot be obtained on purely equitable grounds. *See United States v. Hovespian*, 359 F.3d 1144, 1154 (9th Cir. 2004); *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991). Finally, *Booker* is not retroactive, and does not apply to federal collateral proceedings where, as here, the conviction became final before *Booker* was decided. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005). As such, Oriakhi fails to present a colorable claim of constitutional violation to warrant the writ.

Oriakhi, 2008 WL 1781017 *1-2.

Similarly, in United States v. Zaldivar-Fuentes, No. 5:05-cr-

00007-8, 2009 WL 1347049 (W.D. Va. May 12, 2009), the court held that the writ of *audita querela* is not available

> because the relief he seeks can be remedied by § 2255. The writ of *audita querela* is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991). The writ is not available to an inmate when other remedies exist, such as a motion to vacate sentence under § 2255. [Citations omitted.] The fact that a particular prisoner was or would be unable to obtain relief under § 2255 because of a procedural bar does not render the statute an inadequate or ineffective remedy so as to open the door to an extraordinary writ under § 1651. *See, e.g., In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

2009 WL 1347049 *1.

The undersigned proposes that the presiding District Judge **FIND** that the writ of *audita querela* is not available to Petitioner.

It is respectfully **RECOMMENDED** that the petition be dismissed with prejudice for failure to state a claim upon which relief can be granted and that Petitioner's application to proceed without prepayment of fees and costs (# 335) be denied as moot.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED,** and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(c) of the Federal Rules of Criminal Procedure, Petitioner shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this

Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and to counsel of record.

July 8, 2009
Date

Mary E. Stanley
United States Magistrate Judge